```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

JEFFREY MARK KLOCKO            ]
    Petitioner,             ]
                            ]
v.                             ]          No. 3:12-0670
                            ]          Judge Sharp
JERRY LESTER, WARDEN           ]
    Respondent.             ]


# M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jerry Lester, Warden of the facility, seeking a writ of habeas corpus.

## I. Background

On February 9, 2005, a jury in Davidson County found the petitioner guilty of aggravated sexual battery (3 counts), sexual battery by an authority figure (6 counts), and assault by offensive or provocative contact. Docket Entry No.29-5 at pgs.150-151. For these crimes, he received an aggregate sentence of fourteen (14) years in prison. Docket Entry No.29-6 at pgs.91-93.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. However, the sentences were vacated and the case was remanded to the trial court for re-sentencing. Docket

1

Entry No.29-8 at pgs.97-116. The Tennessee Supreme Court later denied the petitioner's application for further review. *Id.* at pg.130.

On remand, the parties entered a sentencing agreement whereby the petitioner received an aggregate sentence of thirteen (13) years in prison. Docket Entry No.29-12 at pgs.5-6.

In April, 2010, the petitioner filed a petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.29-9 at pgs.33-47. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs.54-67.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.29-13 at pgs.44-53. That court would subsequently deny petitioner's application for a rehearing of the appeal. *Id.* at pg.78. The Tennessee Supreme Court then once again chose not to grant the petitioner's request for additional review. *Id.* at pg.132.

## II. Procedural History

On June 29, 2012, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). Less than a month later, though, the Court granted the petitioner's "Motion to Hold Federal Habeas in Abeyance While Appeal to State Supreme Court is Pending". Docket Entry No.5. This action was administratively closed in order to give the petitioner

2

an opportunity to fully exhaust state court remedies for his federal claims.

On motion of the petitioner, the Court returned the instant action to active status. Docket Entry No.10. Petitioner's habeas corpus petition contains sixteen (16) claims for relief. These claims include:

    1) the evidence was insufficient to support the convictions;

    2) prosecutorial misconduct;

    3) the trial judge erred by running the petitioner's sentences consecutively;

    4) the petitioner was denied the effective assistance of trial counsel when his attorney[1]
        a) failed to adequately prepare him to testify;
        b) failed to call petitioner's mother, Carol Klocko, as a witness;
        c) neglected to file a motion for a Bill of Particulars;
        d) did not undertake "any discussion with defendant's family and acquaintances";
        e) failed to call several witnesses who "had an intimate knowledge and extended contact with the family";
        f) failed to present an effective opening statement;
        g) neglected to challenge a biased venireman (Delois Harbor);
        h) failed "to preserve or proffer the 412 hearing in a professional, reasonable standard";
        i) did not impeach the alleged victim or her mother with prior inconsistent

---

[1] At trial, the petitioner was represented by Philip Davidson, a member of the Davidson County Bar.

statements made during a juvenile
court proceeding; and
j) neglected to cross examine Detective
Zoccola about his interview with
the petitioner;

5) the petitioner was denied the effective
assistance of post-conviction counsel
when she[2]
a) failed "to interview, investigate
and subpoena" Richard Reese for the
post-conviction evidentiary hearing;
b) neglected to file "the required
certification indicating whether she
had conducted a thorough investigation
of possible constitutional violations
as required by Tenn. Sup. Ct. R 28
§ 6(c)(3)."; and
c) failed to subpoena John Michael
Thompson, an attorney, to testify at
the post-conviction evidentiary
hearing.

The Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, the respondent was directed to file an answer, plead or otherwise respond to the petition. Docket Entry No.10.

Presently before the Court is the respondent's Answer (Docket Entry No.28), to which the petitioner has filed a Reply (Docket Entry No.37). Having carefully considered the petition, respondent's Answer, petitioner's Reply to the Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348

---

[2] During his post-conviction proceedings, the petitioner was represented by Cynthia Morrissey Fort, a member of the Davidson County Bar.

4

F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Post-Conviction Claims**

The petitioner alleges three instances (Claim Nos.5a-c) in which he was denied the effective assistance of post-conviction counsel.

In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that the fact or duration of his incarceration is in some way constitutionally defective. 28 U.S.C. § 2254(a); <u>Koontz v. Glossa</u>, 731 F.2d 365, 368 (6th Cir.1984). A state is not constitutionally required to provide convicted felons with a means by which they can collaterally attack their convictions. <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987). Thus, a federal writ of habeas corpus will not issue when the petitioner is merely challenging errors or deficiencies related to a state post-conviction proceeding. <u>Kirby v. Dutton</u>, 794 F.2d 245 (6th Cir. 1986).

The petitioner claims that, in three instances, he was denied the effective assistance of counsel during the course of his post-conviction proceedings. More specifically, the petitioner contends

5

that counsel neglected to properly prepare for his post-conviction evidentiary hearing (Claim Nos.5a,c) and failed to file the appropriate certification (Claim No.5b). These claims in no way suggest that the petitioner's convictions or sentences are constitutionally invalid.

There is no constitutional right to an attorney in state post-conviction proceedings. <u>Finley</u>, *supra*. Consequently, the petitioner cannot claim constitutionally ineffectiveness of counsel in such proceedings. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). Therefore, petitioner's ineffective assistance claims arising from his post-conviction proceeding are insufficient to stand as independent claims for habeas corpus relief. 28 U.S.C. § 2254(i).

**B.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his

claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner has offered ten instances in which trial counsel was allegedly ineffective (Claim Nos.4a-j). Only one of these claims, i.e., counsel's failure to call Carol Klocko as a witness (Claim No.4b), was ever raised in a state appellate court with any degree of specificity. Docket Entry No.29-13 at pgs.10-14. The remaining ineffective assistance claims (Claim Nos.4a,c-j), therefore, have not yet been fully exhausted in the state courts.

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

7

Unfortunately, at this late date, the petitioner is no longer able to raise his ineffective assistance claims in state court. *See* Tenn. Code Ann. § 40-30-102(a) and (c). As a consequence, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause,

8

the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

In his Reply to the respondent's Answer, the petitioner argues that his failure to exhaust state court remedies for his ineffective assistance claims is attributable to deficient representation by post-conviction counsel. Docket Entry No.37 at pg.28.

The Supreme Court has recently recognized that the ineffective assistance of counsel at initial-review collateral proceedings may be used to establish cause for a habeas petitioner's procedural default. Martinez v. Ryan, 132 S.Ct. 1309 (2012). Assuming *arguendo* that Tennessee's post-conviction procedures fall within the scope of the exception announced in Martinez, the petitioner is unable to use the alleged failure of post-conviction counsel to exhaust these claims in the state courts as cause unless that failure has itself been exhausted in the state courts as an independent claim for relief. Edwards v. Carpenter, 529 U.S. 446,453 (2000).

In his petition, the petitioner has not asserted the failure of post-conviction counsel to exhaust all ineffective assistance claims as an independent ground for relief. As a result, the

9

alleged ineffectiveness of post-conviction counsel can not be used to satisfy the cause needed to excuse the procedural default of his remaining ineffective assistance claims. In the absence of any showing of cause, the procedural default of petitioner's ineffective assistance claims (Claim Nos.4a,c-j) is unexcused, and will not support an award of federal habeas corpus relief. <u>Teague v. Lane</u>, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

**C.) Fully Exhausted Claims**

The petitioner did fully exhaust his sufficiency of the evidence (Claim No.1), prosecutorial misconduct (Claim No.2) and consecutive sentencing (Claim No.3) claims on direct appeal. Docket Entry No.29-8 at pgs.2-30. His remaining ineffective assistance of trial counsel claim (Claim No.4b) was also considered by the state courts on the merits and has been fully exhausted. Docket Entry No.29-13 at pgs.10-14.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. <u>Harrington v. Richter</u>, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of

10

the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

**1.) Sufficiency of the Evidence**

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal

11

conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 99 S.Ct. 2789. The only question this Court need answer "is whether that finding was so unsupportable as to fall below the threshold of bare rationality." Cavazos v. Smith, 132 S.Ct. 2,4 (2011).

A jury found that the petitioner had committed three counts of aggravated sexual battery on his step-daughter, Alexa, and six counts of sexual battery by an authority figure. He was also found guilty of assaulting Alexa's friend, Bethany, by offensive or provocative contact. The state courts determined that there was sufficient evidence to support these convictions. Petitioner's sufficiency of the evidence claim will provide a basis for federal habeas relief only if the Court finds that the ruling of the state courts on this issue was either contrary to or was an unreasonable application of clearly established federal law. Williams, *supra.*

Aggravated sexual battery is defined in Tennessee as unlawful sexual contact with a victim ..... who is less than thirteen (13) years of age. Tenn. Code Ann. § 39-13-504(a)(4). Unlawful sexual contact "includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn.

12

Code Ann. § 39-13-501(6).

At trial, Alexa testified that her step-father, the petitioner, began touching her when she was 11 or 12 years old. Docket Entry No.29-3 at pg.71. "It would happen when my stepdad would give me hugs. He would run his hands down my back and put them on my butt and feel my butt." *Id.* at pg.72. This was "pretty much an everyday thing." *Id.* Alexa went on to describe three specific instances when the petitioner touched her buttocks as well as her breasts prior to her thirteenth birthday. *Id.* at pgs.73-77.

During his testimony, the petitioner acknowledged that "I did pat her on the bottom." Docket Entry No.29-5 at pg.22. Alexa's mother testified that the petitioner commented almost daily about his step-daughter's physical development. Docket Entry No.29-4 at pg.45. She witnessed the petitioner on several occasions putting his hands on Alexa's buttocks during a hug. *Id.* at pg.48.

Alexa told the jury that once, after getting into bed with her and touching her buttocks and breasts, the petitioner "rolled onto his back, and I guess, started pleasuring himself." She heard him say "that it felt good and that he wanted to come inside me." Docket Entry No.29-3 at pgs.112-113. From this testimony, any reasonable juror could have determined that the petitioner had, on at least three occasions prior to her thirteenth birthday, had unlawful sexual contact with the victim. Thus, the state courts did not violate federal law by finding that the evidence was sufficient

13

to support petitioner's three convictions for aggravated sexual battery.

The petitioner was also found guilty of six counts of sexual battery by an authority figure. Sexual battery is unlawful sexual contact with a victim by the defendant that is accomplished .... by force or coercion. Tenn. Code Ann. § 39-13-505(a)(1). Force or coercion is defined by statute as .... "the use of parental, custodial, or official authority over a child less than fifteen (15) years of age." Tenn. Code Ann. § 39-13-501(1).

Petitioner continued to touch Alexa after she turned thirteen years of age. She testified to numerous instances in which he sexually battered her. Docket Entry No.29-3 at pgs.86-103. The petitioner admitted to laying in bed with Alexa on at least three occasions in order to show her some affection. Docket Entry No.29-5 at pg.25. Alexa's mother testified that she found the petitioner in bed with Alexa on two occasions wearing only underwear. Docket Entry No.29-4 at pg.56.

After the petitioner's arrest, Alexa underwent counseling. *Id.* at pg.59. The petitioner was Alexa's step-father when this touching took place. It appears, therefore, that the evidence was more than sufficient to sustain six convictions for sexual battery by an authority figure.

Alexa's best friend, Bethany, testified that the petitioner "slapped" her on the buttocks when she was thirteen years old.

14

Docket Entry No.29-4 at pg.26. This unsolicited touching made her feel uncomfortable. *Id.* at pg.31. A person commits assault who ... intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative. Tenn. Code Ann. § 39-13-101(a)(3). The state courts did not offend federal law by determining that the evidence was sufficient to support a conviction for assault by offensive or provocative contact.

**2.) Prosecutorial Misconduct**

It is alleged that the prosecutor engaged in misconduct in his examination of witnesses and made improper comments in his closing argument (Claim No.2).

In order for a prosecutorial misconduct claim to succeed, it must first be determined whether the prosecutor acted improperly. If so, the Court is then required to consider whether the offending conduct was flagrant and warrants reversal. United States v. Crayton, 357 F.3d 560,572-573 (6th Cir.2004). Reversal is appropriate when the prosecutorial misconduct is so pronounced and persistent that it permeates the entire atmosphere of the trial. United States v. Krebs, 788 F.2d 1166,1177 (6th Cir.1986). The touchstone of any due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips, 455 U.S. 209,219 (1982).

15

The Tennessee Court of Criminal Appeals discussed the issue of prosecutorial misconduct and concluded that, even if the prosecutor had been overly zealous, his allegedly improper conduct did not affect the outcome of the trial. Docket Entry No.29-8 at pgs.108-113. Having carefully reviewed the record, this Court agrees with such a finding. Evidence of the plaintiff's guilt was overwhelmingly. The verdict was not the product of the improper questioning of witnesses or an unprofessional closing argument. Therefore, the Court finds no merit in the petitioner's prosecutorial misconduct claim.

**3.) Consecutive Sentencing was Constitutionally Improper**

The petitioner's third exhausted claim is that the trial judge erred when he imposed consecutive sentences. More specifically, he alleges that the trial judge imposed consecutive sentences after engaging in judicial fact-finding, which was violative of the Sixth and Fourteenth Amendments (Claim No.3).

Less than three months prior to petitioner's re-sentencing, the Supreme Court addressed this issue and held that the Sixth Amendment does not prohibit a State from assigning to judges, rather than to juries, the task of determining whether facts exist to justify the imposition of consecutive, rather than concurrent, sentences. Oregon v. Ice, 555 U.S. 160,164 (2009). Under Ice, then, the trial judge did not violate the Constitution by engaging in the judicial fact-finding needed to determine the propriety of

16

consecutive sentences. As a consequence, this claim also has no merit.

**4.) Ineffectiveness of Trial Counsel**

The petitioner's final exhausted claim is that his attorney was ineffective for failing to call his mother, Carol Klocko, as a witness (Claim No.4b).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

At petitioner's post-conviction evidentiary hearing, his mother testified that she overheard Alexa tell another child "when you go back to school, you tell your teachers your parents molested you and you can do anything you want." Docket Entry No.29-10 at

17

pgs.59-60. The petitioner believes that this testimony should have been introduced at trial by counsel because it would have convinced a jury that the victim was not credible.

Trial counsel (Philip Davidson) also testified at the post-conviction evidentiary hearing. He stated that he spoke with Carol Klocko during the trial and found that ..."the information she gave me, I did not feel would be useful. She never mentioned to me one time that this little girl had said that they were going to come -- that they would make up stuff and come to Nashville and say those things." *Id.* at pg.118. Counsel further said that the petitioner never advised him to call his mother as a witness, other than as a character witness. Docket Entry No.29-9 at pg.61.

The trial court chose to accredit the testimony of counsel when he said that Carol Klocko had not mentioned Alexa's statement to him at trial. That court found no merit in this claim. Docket Entry *Id.* at pg.64. There is a presumption of correctness accorded to the findings of fact made by the state courts which can only be overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner has not offered any clear and convincing evidence that would suggest that counsel knew of but neglected to use Carol Klocko's proposed testimony. Nor has the petitioner shown in what way the legal conclusions made by the state courts with respect to this exhausted claim is either contrary to or an unreasonable application of federal law. For that reason, the Court finds that

18

this claim is not sufficient to support an award of habeas corpus relief.

## IV. CONCLUSION

Three of the petitioner's claims (Claim Nos.5a-c) are not cognizable in a habeas corpus action. Nine of the claims were never properly exhausted in the state courts (Claim Nos.4a, 4c-j). The procedural default of the state remedies for these claims is unexcused. For that reason, these claims are insufficient to support an award of habeas corpus relief.

The state courts determined that the petitioner's fully exhausted claims lacked merit (Claim Nos.1,2,3 and 4b). The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims have no merit.

An appropriate order will be entered.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge